**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRIS E. CHARLES, | DOCKET NUMBER |
| Appellant, | AT-3443-22-0564-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: March 19, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Chris E. Charles</u>, Miramar, Florida, pro se.

<u>Bobbie Garrison</u>, Doral, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision's finding that the Board lacks jurisdiction over this matter as an employment practices appeal. However, we REMAND the case to the regional office for further adjudication of the appellant's claims pursuant to the Uniformed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Services Employment and Reemployment Rights Act of 1994 (USERRA), codified at 38 U.S.C. §§ 4301-4333, and the Veterans Employment Opportunities Act of 1998 (VEOA).

**DISCUSSION OF ARGUMENTS ON REVIEW**

On August 13, 2022, the appellant filed a Board appeal concerning his nonselection for a Logistics Management Specialist position. Initial Appeal File (IAF), Tab 1 at 1-5. He requested a hearing. *Id.* at 2. The appellant alleged that, after his nonselection, he called the hiring manager, who told him that he was surprised that the appellant did not get an interview for the position because his name was on the "short list of qualified candidates." *Id.* at 4. The appellant stated that he was challenging his nonselection as an improper employment practice pursuant to 5 C.F.R. § 300.104. *Id.* at 4. He also alleged that he is entitled to veterans' preference and attached a letter from the Department of Veterans Affairs confirming his entitlement as well as other documents related to his military service and job experience. *Id.* at 4-18. The administrative judge issued an acknowledgment order, wherein she informed the appellant that the Board may lack jurisdiction over his nonselection appeal, explained the circumstances under which the Board may have jurisdiction over a nonselection appeal, and afforded him the opportunity to submit argument and evidence in support thereof. IAF, Tab 2 at 2-5. The appellant submitted an untimely response, wherein he submitted several documents pertaining to his nonselection, including a position description, communications with the agency related to the nonselection, and phone records. IAF, Tab 6. He also reiterated his request for a hearing. IAF, Tab 5 at 4. The agency also filed a response requesting that the administrative judge dismiss the appeal for lack of jurisdiction. IAF, Tab 4.

Although the appellant's response to the acknowledgment order was untimely, the administrative judge considered it and, without holding a hearing, she issued an initial decision dismissing the appeal for lack of jurisdiction.

IAF, Tab 8, Initial Decision (ID) at 2-3. She found that the appellant failed to nonfrivolously allege that the Board had jurisdiction over his appeal as an employment practice appeal pursuant to 5 C.F.R. § 300.101, and that he identified no other law, rule, or regulation that he believed the agency to have violated. *Id*. The appellant has filed a petition for review and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally lacks jurisdiction to consider an appeal regarding a nonselection for a position. *Nakshin v. Department of Justice*, 98 M.S.P.R. 524, ¶ 9 (2005). Claims of unlawful conduct in the selection process ordinarily must be brought before other forums. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998).

We affirm the administrative judge's finding that the appellant failed to nonfrivolously allege that an employment practice applied to him by the Office of Personnel Management (OPM) violated a basic requirement in 5 C.F.R. § 300.103 for the reasons set forth in the initial decision.[2] ID at 2-3. The appellant has not specifically challenged this finding on review. PFR File, Tab 1 at 22.

However, we must remand this appeal for another reason. Although the appellant did not specifically invoke USERRA or VEOA by name, he stated in his initial appeal, which he resubmitted with his petition for review, that he is entitled to veterans' preference and he submitted documents concerning his veterans' preference and military service. IAF, Tab 1 at 1, 4-18; PFR File, Tab 1 at 7-22. The administrative judge's acknowledgment order did not provide

---

[2] In the initial decision, the administrative judge discussed the agency's evidence and argument concerning the selection process. ID at 2. Although the Board may not deny jurisdiction by crediting the agency's interpretation of the evidence, *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994), we find that the administrative judge did not rely on the agency's interpretation of the evidence, or otherwise weigh evidence, in finding that the appellant failed to nonfrivolously allege that this appeal involved an employment practice administered by OPM.

explicit notice on how the appellant could establish jurisdiction over a USERRA or VEOA appeal, and the issue is not addressed in the initial decision. IAF, Tab 2; ID at 1-3.  VEOA claims must be liberally construed.  *See Loggins v. U.S. Postal Service,* 112 M.S.P.R. 471, ¶ 14 (2009).  Similarly, the Board has adopted, and the U.S. Court of Appeals for the Federal Circuit has endorsed, a "liberal approach in determining whether jurisdiction exists under USERRA." *Beck v. Department of the Navy,* 120 M.S.P.R. 504, ¶ 8 (2014) (quoting *Yates v. Merit Systems Protection Board,* 145 F.3d 1480, 1484 (Fed. Cir. 1998)).  Under the circumstances, we find that remand is appropriate so that the administrative judge may provide the appellant with notice of the VEOA and USERRA burdens and methods of proof and an opportunity to respond thereto.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.